IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KENNETH MONTGOMERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:14-cv-2147-SHM-dkv |
| v. | ) | No. 2:10-cr-20319-SHM-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Petitioner Kenneth Montgomery's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on February 28, 2014. (§ 2255 Mot., ECF No. 1.) Montgomery moved to supplement his § 2255 Motion on February 3, 2015, which the Court granted on April 7, 2015. (ECF Nos. 5-6.) The government responded to the § 2255 Motion and supplement on July 1, 2015. (ECF No. 11.) Montgomery again moved to supplement his § 2255 Motion on July 31, 2015 and August 1, 2016, seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF Nos. 12 & 17.) The Court granted Montgomery's motions to supplement on January 24, 2018. (ECF No. 25.) The government responded on February 16, 2018. (ECF No. 28.)

Also before the Court are Montgomery's three motions to appoint counsel (ECF Nos. 13, 15, 16), and two motions to compel the government to respond to Montgomery's motion addressing jail credit, filed in his criminal case (ECF Nos. 21-23; Cr. ECF No. 87)[1].

For the following reasons, Montgomery's § 2255 Motion is DENIED. Montgomery's motions to appoint counsel are DENIED as MOOT. His motions to compel are DENIED.

I. **Background**

On September 22, 2010, a grand jury returned an indictment charging Montgomery as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 1.) Montgomery pled guilty to that charge on August 4, 2011. (Cr. ECF No. 45.) During the plea colloquy, the government stated that its proof would have been:

> that on February 5th, 2010, officers responded to a domestic violence call. Spoke with Kerry Granderson there who stated that the defendant was involved in an altercation with his sister and that altercation escalated to the point where the defendant pointed a gun at him.
>
> When the officers arrived at the scene . . . they observed the defendant in a green Cadillac, attempting to leave the scene. After he exited the vehicle, he told officers that there was a gun under

---

[1] Citations to "ECF No." refer to this civil case. Citations to "Cr. ECF No." refer to Montgomery's criminal case, United States v. Montgomery, 2:10-cr-20319-SHM (W.D. Tenn.).

>    the seat of his vehicle.  That gun is the same gun
>    that was identified in the indictment, a Rohm .38
>    caliver revolver.
>
>    Defendant's record was checked.  He was a
>    convicted felon at the time.
>
>    The gun passed through interstate commerce.  And
>    these events occurred in the Western District of
>    Tennessee.

(Hr'g Tr., ECF No. 68 at 191.)[2]

At sentencing, the Court determined that Montgomery was subject to a base offense level of 24 as a career offender under § 2K2.1(a)(2) of the U.S. Sentencing Commission Guidelines (the "U.S.S.G.") because he had at least two felony convictions of either a crime of violence or a controlled substance offense. (Presentence Investigation Report ("PSR") ¶ 16.)  A "crime of violence" for purposes of § 2K2.1(a) is defined by U.S.S.G. § 4B1.2(a).  U.S.S.G. § 2K2.1, cmt. note 1.  Montgomery's predicate convictions were (1) a 2000 conviction for Tennessee "Criminal Attempt, to Wit: Aggravated Robbery" and (2) a 2009 conviction for Tennessee "Possession of a Controlled Substance with Intent: Marijuana."  (PSR ¶¶ 16, 30, 47.)  Montgomery was also subject to a four-level enhancement under § 2K2.1(b)(6) for use or possession of a firearm or ammunition in connection with another felony offense. (Id. ¶ 17.)

---

[2] Unless otherwise noted, citations to the record refer to the PageID number.

Montgomery was sentenced to 100 months in prison to run concurrently with state court sentences in case numbers 08-07811 and 08-7812. (Judgment, Cr. ECF No. 56.) He was also sentenced to two years on supervised release. (Id.)

Montgomery appealed his sentence, challenging a condition of release that was included in the written judgment but not pronounced by the court at sentencing. (Cr. ECF No. 72.) On appeal, the government moved to vacate Montgomery's sentence and remand for resentencing. (Id.) The Sixth Circuit vacated the sentence and remanded for resentencing on March 27, 2013. (Id.)

The Court entered a Corrected Judgment on April 12, 2013. (Cr. ECF No. 76.) That judgment maintained the same terms of imprisonment and supervised release, but altered the conditions of release. (Id.) Montgomery did not appeal.

On February 28, 2014, Montgomery filed this § 2255 Motion. (ECF No. 1.)

Between November 2015 and August 2016, Montgomery filed three motions to appoint counsel. (ECF Nos. 13, 15, 16.) On December 30, 2016, and on June 26, 2017, Montgomery filed motions to compel the government to respond to Montgomery's

motion addressing jail credit, filed in his criminal case. (ECF Nos. 21-23; Cr. ECF No. 87.)

On December 27, 2016, the Court entered an order holding this case in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). (ECF No. 20.)

**II. Timeliness**

A § 2255 motion and any amendments or supplements to it must be filed within § 2255(f)'s one-year statute of limitations. See, e.g., Berry v. United States, No. 2:14-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017). Under § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." A conviction becomes final upon conclusion of direct review. Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). Under § 2255(f)(3), a petitioner may also bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court." "The § 2255(f) statute of limitations is not jurisdictional, however, and the Government can waive it." Lurry v. United States, No. 09-CR-20312-SHM, 2017 WL 3092088, at *5 (W.D. Tenn. July 20, 2017).

The government does not argue that any of Montgomery's grounds for relief are untimely. The government has waived the statute of limitations.

**III. Standard of Review**

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quotation marks omitted). A prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

To establish a claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel, "[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. In considering a claim of ineffective assistance, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. . . . The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning

as the counsel guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687, 689) (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694[3] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005) (quoting Strickland, 466 U.S. at 694). "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111-12 (citations omitted).

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise

---

[3] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ." Strickland, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id.

8

> issues not presented at trial, and so the <u>Strickland</u> standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. <u>Strickland</u>, [466 U.S. at 689-690]. Even under <u>de novo</u> review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." <u>Id.</u>, [at 689]; <u>see also</u> <u>Bell v. Cone</u>, [535 U.S. 685, 702 (2002)]; <u>Lockhart v. Fretwell</u>, [506 U.S. 364, 372 (1993)]. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. <u>Strickland</u>, [466 U.S. at 690].

<u>Richter</u>, 562 U.S. at 105. Ultimately, "[c]ounsel [cannot] be unconstitutionally ineffective for failing to raise . . . meritless arguments." <u>Mapes v. Coyle</u>, 171 F.3d 408, 427 (6th Cir. 1999).

After a § 2255 motion has been filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge

may order." Id. The § 2255 movant is entitled to reply to the government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules. Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of the proceedings. See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

**IV. Analysis**

   **A. Johnson Challenge**

Montgomery challenges his sentence based on Johnson, which held, among other things, that the residual clause of the violent felony definition in the Armed Career Criminal Act (the "ACCA") was unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Labeling defendants armed career criminals based on convictions that qualify as violent felonies only because of the residual clause violates defendants' due-process rights. Id. The Supreme Court has made the Johnson rule retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Montgomery contends that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1. He argues that, following Johnson, his Tennessee attempted aggravated robbery conviction cannot be considered a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a). (ECF No. 17 at 65.)

Montgomery's argument fails. On March 6, 2017, the Supreme Court held that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Beckles, 137 S.Ct. at 886. The Court held that the residual clause in § 4B1.2(a)(2), as applied after the Court's decision in United States v. Booker, 543 U.S. 220 (2005), is not void for vagueness. Id. Montgomery's request for Johnson relief is DENIED.

### B. Ineffective Assistance of Counsel

In his § 2255 Motion, Montgomery argues that he is entitled to relief based on ineffective assistance of counsel. (§ 2255 Mot., ECF No. 1 at 4.) Montgomery asserts that he "was ill advise[d] to not pursue [his] appeal and was told [he] couldn't appeal." (Id.) When Montgomery pursued his appeal, counsel representing Montgomery did not argue the issues Montgomery wanted to argue. (Id.) Montgomery represents that the issues he was advised not to pursue concerned

"enhancements, mental history and statement of the victim and his credibility." (Id. at 10.)

In its July 1, 2015 response, the government argued that Montgomery's counsel was not ineffective for failing to appeal the four-level enhancement applied at sentencing because Montgomery "neglected to object to the guidelines at the sentencing hearing" and because "[a]rguing against its application would have not changed the outcome of the sentencing hearing." (ECF No. 11 at 46.) The government also argued that Montgomery's counsel was not ineffective "for failing to challenge the imposition of a supervised release condition that was not pronounced at sentencing." (Id. at 47.)[4] The government does not address any of Montgomery's remaining ineffective assistance of counsel arguments or provide an affidavit from Montgomery's counsel.

In its February 16, 2018 response, the government does not address Montgomery's ineffective assistance of counsel claims, although ordered "to respond to each of Montgomery's arguments expressed in his § 2255 Motion and supplements" and warned that a "failure to address each argument on the merits [would] be construed as a waiver." (ECF No. 25; see ECF No. 28.) Except for its defenses against Montgomery's ineffective assistance of

---

[4] The government does not cite to the record. Montgomery does not argue in his § 2255 Motion or supplement that he is entitled to relief based on the sentencing inconsistency. (See ECF Nos. 1 & 5.)

counsel claim about the sentence enhancement and any claim about the sentencing inconsistency, the government has waived its defenses against Montgomery's ineffective assistance of counsel claims. Nevertheless, the burden to establish deficient assistance and prejudice remains on Montgomery. Strickland, 466 U.S. at 687-90.

Montgomery's ineffective assistance of counsel claims based on his counsel's failure to raise "mental history" and victim credibility fail because they are insufficiently pled. A petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977). A claim that lacks any factual support is conclusory and fails to state a claim for habeas relief. Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991).

Montgomery represents that he was told he could not appeal "mental history" or "statement of victim and his credibility." The Court cannot determine, absent any supporting facts, what Montgomery believes should have been appealed. It is unclear whether Montgomery is referring to mental health findings in his PSR or the requirement of mental health services as a condition of Montgomery's supervised release. It is unclear

13

which victim Montgomery seeks to discredit.  His claims are insufficiently pled.

Montgomery's ineffective assistance of counsel claim based on his counsel's failure to challenge Montgomery's sentencing enhancements is sufficiently pled.  Montgomery was subject to a base offense level of 24 as a career offender under § 2K2.1(a)(2) of the U.S.S.G. because he had at least two felony convictions of either a crime of violence or a controlled substance offense.  (PSR ¶ 16.)  Montgomery was also subject to a four-level enhancement under § 2K2.1(b)(6) for use or possession of any firearm or ammunition in connection with another felony offense.  (Id. ¶ 17.)  Montgomery's adjusted offense level was 28.  (Id. ¶ 21.)  That offense level was subject to a three-level reduction for acceptance of responsibility, for a total offense level of 25.  (Id. ¶¶ 22, 25.)  Montgomery had 11 criminal history points, placing him in criminal history category V.  (Id. ¶ 52.)  The applicable U.S.S.G. range for an offense level of 25 and a criminal history category V was 100-125 months.  Sent. Table, U.S.S.G. (2010).  Montgomery was sentenced to 100 months.  (Corrected Judgment, Cr. ECF No. 76.)

If the § 2K2.1(b)(6) enhancement had not been applied, Montgomery's offense level would have been 21.  The applicable

14

U.S.S.G. range for an offense level of 21 and criminal history category V would have been 70-87 months. Sent. Table, U.S.S.G. (2010).

The failure of Montgomery's attorney to challenge the enhancement was not deficient and did not fall below an objective standard of reasonableness. Montgomery conceded that he had "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2k2.1(b)(6). Montgomery accepted the facts presented by the government during his plea colloquy, which established that Montgomery used the firearm in the course of an aggravated assault. (ECF No. 68 at 191-92.) Aggravated assault involving the display of a deadly weapon is a Class C felony in Tennessee. Tenn. Code Ann. §§ 39-13-101 – 39-13-102. Challenging the § 2k2.1(b)(6) enhancement would have been frivolous, because Montgomery accepted the facts that established he used the firearm in connection with aggravated assault. "Not raising a frivolous objection does not rise to the level of ineffective assistance of counsel." Demink v. United States, No. 10-CR-20676, 2015 WL 4429441, at *7 (E.D. Mich. July 20, 2015); see Harris v. United States, 204 F.3d 681, 683 (6th Cir. 2000). The frivolous challenge, if made, would not have altered the application of the enhancement and

15

would have been denied on appeal.  The failure of Montgomery's counsel to challenge the enhancement was not unreasonable.  See Strickland, 466 U.S. at 694.

Montgomery's claim of ineffective assistance of counsel claim that he was told he could not challenge on appeal "mental history," "statement of victim and his credibility," or "enhancements" is DENIED.

**C. Motions to Compel – Jail Credit Motion in Criminal Case**

Montgomery seeks to compel the government to respond to his Motion to Clarify Courts Intent Concerning the Application of Previously Earned Jail Credit, filed in his criminal case. (ECF Nos. 21 & 23; Cr. ECF No. 87.)  Montgomery argues that the Bureau of Prisons ("BOP") "has unlawfully failed to award him credit on his federal sentence for time served between February 11, 2011, the day his state probation was revoked and January 20, 2012, the day his federal sentence was imposed by this Court."  (Cr. ECF No. 87 at 242.)

Title "18 U.S.C. 3585(b)-- which addresses the calculation of terms of imprisonment and credit for prior custody -- places discretion for the award of sentencing credits with the Attorney General acting through the Bureau of Prisons, not the sentencing district court."  Walker v. United States, No. 3:04-CR-4-TAV-CCS-1, 2017 WL 57806, at *3 (E.D. Tenn. Jan. 5, 2017).

Assuming Montgomery has exhausted administrative review of the BOP's computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), the proper procedure is to seek judicial relief pursuant to 28 U.S.C. § 2241, not a § 2255 motion. United States v. Wilson, 503 U.S. 329, 333 (1992). Montgomery's motions to compel the government to respond are DENIED as to the credit for his federal pre-sentencing detention, but without prejudice to raise the issue in a properly filed habeas corpus petition under 28 U.S.C. § 2241.

### D. Motions to Appoint Counsel

Because Montgomery is not entitled to relief, his motions to appoint counsel are DENIED as MOOT.

### V. Appealability

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates

that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Montgomery is not entitled to relief under Johnson or based on ineffective assistance of counsel. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate

Procedure 24(a).  Kincade, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court.  See Fed. R. App. P. 24(a) (4)-(5).

Because Montgomery is clearly not entitled to relief, the Court denies a certificate of appealability.  It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is DENIED.[5]

## VI. Conclusion

For the foregoing reasons, Montgomery's § 2255 Motion is DENIED.  He is not entitled to relief under Johnson or based on ineffective assistance of counsel.  Montgomery's motions to appoint counsel are DENIED as MOOT.  His motions to compel are DENIED.

---

[5] If Montgomery files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

So ordered this 27th day of February, 2018.

                                           */s/ Samuel H. Mays, Jr.*
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE